# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

A.M.A.S.,
Soliman, Ahmed Mahmoud
v.

Markwayne Mullin, et al.,

Respondents.

No. CV-26-06601-PHX-JCH

**DECLARATION OF**
Andrea, Chiriboga Villacis

1. I, Andrea, Chiriboga Villacis, hereby declare under the penalty of perjury: I am a Deportation Officer with the U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), assigned to the Imperial Regional Detention Facility in Calexico, California.

2. As part of my official duties, I am responsible for, inter alia, managing the cases of aliens in removal proceedings or those with final removal orders, and I have experience utilizing ICE record systems to obtain information regarding specific aliens.

3. In preparing this declaration, I have examined ICE official records associated with A.M.A.S., A099 404 612 (“Petitioner”), including electronic records.

4. I provide this declaration based on my personal knowledge, belief, reasonable inquiry, and information obtained from various records, systems, databases, and information portals maintained and relied upon by DHS in the regular course of business; information obtained from other individuals employed by DHS; and information I acquired during the performance of my official duties.

5. I am aware that the above-captioned Complaint and Emergency Motion for Temporary Restraining Order have been filed in the U.S. District Court.

6. I am familiar with the facts and circumstances regarding Petitioner and provide the following information regarding efforts taken to facilitate Petitioner’s return to

the United States.

7. On or about October 7, 2026, ICE received notice that the District Court had issued a ruling directing Respondents to facilitate Petitioner's return to the United States. ICE thereafter began taking steps to determine Petitioner's current location and detention status in Equatorial Guinea.

8. On October 9, 2026, the United States Attorney's Office advised ERO that Petitioner's counsel reported that Petitioner was at Hotel Bamy in Malabo, Equatorial Guinea. On that same date, ICE ERO personnel contacted an ERO Attaché to request assistance in verifying whether Petitioner was located at Hotel Bamy in Malabo, Equatorial Guinea, and to verify Petitioner's identity and whether Petitioner was otherwise in the custody of local authorities.

9. On October 9, 2026, the ERO Attaché advised that he had submitted a request to contacts in Malabo, Equatorial Guinea, to locate and verify Petitioner. The Attaché further advised that he would provide additional information as it became available.

10. As of the date of this declaration, ERO is awaiting the results of that location-and-verification request. ERO is continuing to follow up with the Attaché and coordinating internally regarding any arrangements that may be required to facilitate Petitioner's return. Even though ERO has not been able to verify the Petitioner's whereabouts through its standard process and as typically required for facilitation of return of aliens removed, ERO is facilitating the alien's returns based on information obtained from Petitioner's counsel through USAO that the Petitioner is located at Hotel Bamy in Malabo, Equatorial Guinea

11. ERO requested that the USAO provide ERO's contact information to Petitioner's counsel to facilitate communication and begin the process of facilitating Petitioner's return. ERO is continuing to take steps to verify Petitioner's identity, location, status, and availability for travel.

12. On October 21, 2026, ERO personnel coordinated with ERO headquarters, OPLA, the United States Attorney's Office, and overseas ERO personnel regarding the

steps necessary to facilitate Petitioner's return to the United States, including the need for parole authorization and related travel documentation.

13. On October 21, 2026, ERO Assistant Field Office Director submitted a request for Significant Public Benefit Parole on Petitioner's behalf through the agency's Parole Case Tracking System ("PCTS"). The request was assigned reference number **SPBP11540**.

14. I reviewed the PCTS submission confirmation for reference number SPBP11540. The confirmation reflects that the request was successfully submitted and identifies the record type as "Request."

15. The PCTS submission confirmation states that the appropriate parole office will make every effort to adjudicate parole applications as soon as feasible. The confirmation also states that regular Significant Public Benefit Parole applications may be adjudicated after 30 days from the date of the notice. The confirmation does not provide a specific adjudication date for Petitioner's request.

16. The PCTS submission confirmation also identifies different general processing timeframes for certain emergency extradition-related parole requests. Based on the records available to me, I cannot state whether Petitioner's request falls within either of those emergency extradition categories. I will verify if this can be processed as an emergency, and proceed accordingly as soon as I have that information.

17. The Significant Public Benefit Parole request is intended to obtain authorization for Petitioner to travel to and seek parole into the United States. As of October 22, 2026, the request remained pending adjudication by the appropriate DHS parole authority.

18. On October 22, 2026, ERO Attaché contacted U.S. Embassy personnel in Malabo, Equatorial Guinea, and requested assistance in locating and verifying Petitioner; coordinating parole-related travel documentation; and facilitating Petitioner's return to the United States.

19. As part of that request, the ERO Attaché requested identification of a consular point of contact so that the responsible ERO Field Office personnel could coordinate required paperwork, requests, and eventual travel arrangements.

20. On October 22, 2026, Consular Officer of U.S. Embassy Malabo advised that, if Petitioner receives ICE-authorized parole, the Embassy will issue a transportation letter rather than a boarding foil.

21. Consular Officer further advised that the Embassy requires an authorization memorandum from the ICE Attaché handling the parole process before it can issue a transportation letter. According to the Embassy's instructions, the authorization memorandum must include Petitioner's complete name and all aliases; A-Number or A-Numbers; date and place of birth; and the United States port of entry where Petitioner will arrive.

22. The Embassy further advised that the ICE authorization memorandum must state the period for which parole has been authorized and request that Petitioner be issued the necessary transportation letter within that period, provided that security checks are clear and any derogatory information has been resolved.

23. The Embassy also advised that the authorization memorandum must instruct that the transportation letter reflect the validity period specified in the parole authorization memorandum and state that "all known ineligibilities" do not preclude the issuance of a travel authorization for parole.

24. The Embassy advised that, after receiving the required ICE authorization memorandum, it can contact Petitioner to coordinate submission of three passport-sized photographs and pickup of the transportation letter.

25. The Embassy further advised that, if it identifies derogatory information during its review, Consular Malabo will contact the ICE Attaché for resolution.

26. The Embassy advised that Petitioner will be provided two sealed envelopes containing the transportation letter and ICE authorization memorandum, one for U.S.

Customs and Border Protection and one for the transportation carrier. The Embassy further advised that Petitioner will receive an additional unsealed copy of those documents.

27. On October 22, 2026, a U.S. Embassy official in Malabo advised ERO personnel that the official had spoken with Petitioner by telephone and confirmed that Petitioner was located at Hotel Bamy in Malabo, Equatorial Guinea.

28. On October 22, 2026, ERO headquarters advised that the anticipated third-country removal mission to Equatorial Guinea had been cancelled. Therefore, that mission is not available as a means to transport Petitioner to the United States.

29. Based on the records available to me, no alternative flight, commercial carrier, travel date, route, or United States port of entry had been finalized as of October 22, 2026.

30. ERO will continue to coordinate with the appropriate DHS parole authority, ERO headquarters, the ERO Attaché, and U.S. Embassy personnel in Malabo. If Significant Public Benefit Parole is authorized, the next anticipated steps include preparing and transmitting the required ICE authorization memorandum; coordinating issuance of the transportation letter; completing any required security review and resolving any identified derogatory information; and arranging Petitioner's travel to the United States.

31. My personal involvement has included reviewing information and communications concerning Petitioner's case, monitoring updates regarding the Significant Public Benefit Parole request and travel-documentation requirements, and serving as a Field Office point of contact for coordination related to Petitioner's return.

32. ERO will continue to provide updates regarding Petitioner's location, status, parole authorization, travel documentation, and travel arrangements as additional information becomes available.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed on: 10/22/2026

ANDREA N CHIRIBOGA VILLACIS
Digitally signed by ANDREA N CHIRIBOGA VILLACIS
Date: 2026.10.22 14:19:18 -07'00'

Andrea Chiriboga Villacis
Deportation Officer
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement