GREEN | EVANS-SCHROEDER, PLLC
130 W. Cushing Street
Tucson, AZ 85718
Tel. (520) 882-8852
Fax (520) 882-8843

Matthew Green (Arizona Bar No. 020827)
Email: matt@arizonaimmigration.net
Jesse Evans-Schroeder (Arizona Bar No. 027434)
Email: jesse@arizonaimmigration.net
Ami Hutchinson (Arizona Bar No. 039150)
Email: ami@arizonaimmigration.net
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

A.M.A.S.,
Plaintiff,

v.

Markwayne Mullin, in his official capacity, Secretary of the Department of Homeland Security;

David Venturella, in his official capacity, Acting Director for U.S. Immigration and Customs Enforcement;

Todd Blanche, in his official capacity, U.S. Attorney General;

Marco Rubio, in his official capacity as Secretary of State;

U.S. Department of Homeland Security;

U.S. Department of State;

United States of America,

Defendants.

Case No. CV-26-06601-PHX-JCH

**EMERGENCY MOTION FOR A TEMPORARY INJUNCTION**

<u>Challenge to Unlawful Removal; Request for Declaratory and Injunctive Relief</u>

**NOTICE OF MOTION**

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Petitioner A.M.A.S. moves this Court for an order that Respondents be enjoined from removing DHS contract plane with the tail number N703KW from Malabo, Equatorial Guinea, without a showing that either A.M.A.S. is on the plane and will be returned to the United States in adherence with the Court's October 6, 2026 and October 21, 2026 orders. *See* Exhibit A, Affidavit of Dana Camilleri, Oct. 23, 2026.

WHEREFORE, Petitioner prays that this Court grant his request for a preliminary injunction requiring Defendants to facilitate his return to the United States.

Dated: October 23, 2026

Respectfully Submitted,

/s/Matthew Green
Attorney for Petitioner-Plaintiff

Petitioner moves for a temporary restraining order and preliminary injunction enjoining Defendants from removing DHS contract plane with the tail number N703KW unless or until A.M.A.S. is on board and Defendants demonstrate they are facilitating his return to the United States in compliance with this Court's orders, or Defendants demonstrate reasons why they are unable to comply with the Court's orders. Exhibit A, *supra*.

**LEGAL STANDARD**

Petitioner is entitled to preliminary injunctive relief if he establishes that he is "likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Even if Petitioner does not show a likelihood of success on the merits, the Court may still grant relief if he raises "serious questions" as to the merits of his claims, the balance of hardships tips "sharply" in his favor, and the remaining equitable factors are satisfied. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011). As shown below, Petitioner overwhelmingly satisfies both standards.

## ARGUMENT

**PETITIONER WARRANTS A PRELIMINARY INJUNCTION BECAUSE HE IS LIKELY TO SUCCEED ON THE MERITS OF HIS CLAIMS, AND HE SUFFERS IRREPARABLE INJURY EACH DAY HE REMAINS IN EQUATORIAL GUINEA**

Petitioner should prevail on this motion because he is likely to succeed on the merits of his claims, likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest.

**A. Petitioner is Likely to Succeed on the Merits of His Claims.**

The Court should grant the requested relief. Petitioner has already succeeded on the merits of his claims per the Court's October 6, 2021 order. Moreover, pursuant to the Court's October 21, 2026 order, Defendants were ordered to provide daily status reports containing declarations from individuals with firsthand knowledge as to the status of the facilitation of A.M.A.S.'s return. On October 22, 2026, Defendants provided a sworn affidavit claiming that the planned flight to Malabo had been cancelled, and therefore, the government could not facilitate A.M.A.S.'s removal at that time.

***However, today, October 23, 2026, the flight landed in Malabo. Because Defendants' attestations were plainly false, Petitioner respectfully requests that the Court enjoin Defendants' plane from departing Malabo without A.M.A.S.*** Because the Court agrees that Defendants' removed A.M.A.S. in violation of his rights, A.M.A.S. has shown a likelihood of success on the merits that he should be placed on this flight and returned to the United States.

**B. Petitioner Will Suffer Irreparable Harm Absent Injunctive Relief.**

Petitioner continues to suffer irreparable harm every day that he remains in Equatorial Guinea. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (*quoting Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

As the exhibits demonstrate, A.M.A.S. has already been subjected to confinement for several months by the Equatorial Guinean government; he has been held at gunpoint and threatened regularly with death; and now he has been tortured and jailed. He may well be facing death. Moreover, A.M.A.S.'s health has deteriorated drastically in the last month, as relayed by A.M.A.S., through counsel, in status reports. He has, to date, not received sufficient medical attention. This is the very essence of irreparable harm. *Garcia*, 777 F. Supp. 3d at 518 ("Obviously, the risk of torture, beatings, and even death clearly and unequivocally supports a finding of irreparable harm.") (*quoting J.G.G. v. Trump*, 772 F. Supp. 3d 18, 42 (D.D.C. 2025)).

**C. The Balance of Equities and the Public Interest Favor Granting the Temporary Restraining Order.**

Finally, a preliminary injunction is in the public interest. First and most importantly, "it would not be equitable or in the public's interest to allow [a party] . . . to violate the requirements of federal law, especially when there are no adequate remedies available." *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1069 (9th Cir. 2014) (quoting *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013)). If a preliminary injunction is not entered, "The public interest and the balance of the equities favor 'prevent[ing] the violation of a party's constitutional rights.'" *Ariz. Dream Act Coal.*, 757 F.3d at 1069 (quoting *Melendres*, 695 F.3d at 1002); *cf. Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005) ("Generally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.").

Although Defendants have an interest in enforcing the nation's immigration laws, the balance of equities and the public interest factors tip in favor of Plaintiff because he is challenging Defendants' likely violation of federal laws. *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] ... to violate the requirements of federal law." (citations omitted)); *Luu v. Bowen*, No. 5:25-CV-03145-MEMF-SP, 2025 WL 3552298, at *10 (C.D. Cal. Dec. 11, 2025) (" 'Public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.'" (*quoting Preminger*, 422 F.3d at 826); *see also Rodriguez v.Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (noting that the government "cannot suffer harm from an injunction that merely ends an unlawful practice"). And "[o]f course there is a public interest in preventing aliens from being wrongfully removed, particularly to countries where they are likely to face substantial harm." *Nken v. Holder*, 556 U.S. 418, 436 (2009); *Garcia*, 777 F. Supp. 3d at 519. Because the Court already determined that

## I. <u>REQUIREMENTS OF FRCP 65(b)</u>

In compliance with Fed. R. Civ. P. 65(b)(1), Petitioner certifies that prior notice of this motion to counsel for Respondents should not be required because (1) Plaintiff is presently in dire straits in a situation that Defendants actively placed him in, and (2) Defendants were not forthcoming in their declaration submitted to the Court on October 22, 2026, and (3) time is of the essence while the plane is presently on the ground in Malabo, Petitioner has shown that immediate and irreparable injury, loss, or damage will result to him before Defendants can be heard in opposition.

## II. CONCLUSION

For these reasons, Plaintiff warrants an emergency TRO or preliminary injunction requiring that Defendants facilitate his return to the United States.

Dated: October 23, 2026

Respectfully submitted,

s/ Matthew Green
Attorney for Petitioner