# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

A.M.A.S.,

Plaintiff,

v.

Markwayne Mullin, et al.,

Defendants.

No. CV-26-06601-PHX-JCH

**ORDER**

On October 6, 2026, the Court granted Plaintiff's request for equitable relief and ordered Defendants to facilitate Plaintiff's return from Equatorial Guinea by taking "all reasonable steps within their control." (Doc. 14 at 21; Doc. 15.) The Court also ordered Defendants to file a status report within three days, and every seven days thereafter, supported by a declaration from an official with personal knowledge. (Doc. 14 at 21.) Defendants then filed three status reports that were vague and either lacked the required declaration or relied on a declarant with no apparent first-hand knowledge of the efforts to return Plaintiff. (Docs. 16–18.) The Court therefore ordered Defendants to file daily status reports. (Doc. 22.) Each must be supported by a declaration from an individual with personal knowledge of Plaintiff's location and custodial status, the steps Defendants have taken to facilitate his immediate return, and the additional steps Defendants will take and when. (*Id.*)

Defendants filed the first daily status report on October 22, 2026. (Doc. 24.) The supporting declaration is again from Deportation Officer Andrea Chiriboga Villacis. It

states that a U.S. Embassy official spoke with Plaintiff by telephone that day and confirmed he is at Hotel Bamy in Malabo. (Doc. 24-1 ¶ 27.) The declaration further states:

- ERO submitted a request for Significant Public Benefit Parole on Plaintiff's behalf on October 21, 2026, and the request remains pending.
- Regular requests of that type may be adjudicated after thirty days.
- The declarant cannot say whether Plaintiff's request qualifies for emergency processing.

(*Id.* ¶¶ 13, 15–17.) As to transportation, the declaration states: "On October 22, 2026, RO headquarters advised that the anticipated third-country removal mission to Equatorial Guinea had been cancelled. Therefore, that mission is not available as a means to transport Petitioner to the United States." (*Id.* ¶ 28.) It adds that no alternative flight, carrier, travel date, route, or port of entry had been finalized. (*Id.* ¶ 29.)

Today, Plaintiff filed an Emergency Motion for a Temporary Injunction. (Doc. 25.) The Motion is supported by the affidavit of Dana M. Camilleri, a senior attorney at the firm representing Plaintiff. She attests that a DHS-contracted aircraft with tail number N703KW departed Alexandria, Louisiana on October 22, 2026, and landed at the Malabo airport on October 23, 2026. (Doc. 25-1 ¶ 5.) Plaintiff further argues: "Because Defendants' attestations were plainly false, Petitioner respectfully requests that the Court enjoin Defendants' plane from departing Malabo without A.M.A.S." (Doc. 25 at 4.) Plaintiff asks the Court to bar Defendants from moving aircraft N703KW out of Malabo until Plaintiff is on board and Defendants demonstrate that they are facilitating his return, or Defendants demonstrate why they are unable to comply with the Court's orders. (*Id.* at 2–3.)

Plaintiff brings the Motion under Federal Rule of Civil Procedure ("Rule") 60(b). (*Id.* at 2.) Rule 60(b)(5) permits a court to relieve a party from a final judgment or order when, among other grounds, "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). A party seeking to modify a decree bears the burden of establishing that "a significant change in circumstances warrants revision of the decree." *Rufo v. Inmates*

*of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992). It is unclear whether the relief Plaintiff seeks requires modifying the judgment at all. Indeed, the October 6, 2026 Order already requires Defendants to take "all reasonable steps within their control" to facilitate Plaintiff's return. (Doc. 14 at 21.) As noted in its October 21, 2026 Order, absent a stay, the Court retains jurisdiction to enforce that judgment while Defendants' appeal is pending. (Doc. 22.)

Plaintiff's representation that a DHS-contracted aircraft landed in Malabo today appears to contradict the declaration Defendants filed yesterday. Defendants must address this discrepancy. The Court notes that the declarant's statement about the cancelled mission rests on what "ERO headquarters advised" (Doc. 24-1 ¶ 28), not on the declarant's own personal knowledge, as the Court's October 21, 2026 Order requires (Doc. 22).

More fundamentally, however, Defendants must take all reasonable steps within their control to facilitate Plaintiff's return from Malabo. If a government-contracted aircraft is on the ground in that same city today, Defendants must explain why it is not reasonable to expedite Plaintiff's parole authorization and travel documents and ensure his placement on that aircraft. The Court reiterates that these representations must be made under penalty of perjury by an individual with personal knowledge of the matters stated. *See* Fed. R. Evid. 602; 28 U.S.C. § 1746. With respect to the aircraft, that means an official with personal knowledge of its scheduling, purpose, and current status.

**IT IS THEREFORE ORDERED** that Defendants shall file a status report no later than 5:00 p.m. (Arizona time) on October 23, 2026. This status report may be combined with the daily report required by the Court's October 21, 2026 Order. The report must be supported by a declaration made under penalty of perjury by an individual with personal knowledge, and it must state:

(1) whether aircraft N703KW, or any other aircraft operated by or under contract with any Defendant, landed in Malabo on or about October 23, 2026, and if so, its purpose, its scheduled departure time, and its next destination;

(2) whether that flight is the "anticipated third-country removal mission to

Equatorial Guinea" that the October 22, 2026 declaration states was cancelled (Doc. 24-1 ¶ 28), and if it is, the basis for that statement;

(3) why it is not a reasonable step within Defendants' control to place Plaintiff on that aircraft for return to the United States; and

(4) whether Plaintiff's pending parole request (SPBP11540) and the related travel documentation can be adjudicated and issued on an expedited or emergency basis, which official has authority to do so, and, if they cannot, why not.

**IT IS SO ORDERED.**

Dated this 23rd day of October, 2026.

John C. Hinderaker
United States District Judge