**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

A.M.A.S.,
Soliman, Ahmed Mahmoud
,
v.

Markwayne Mullin, et al.,

Respondents.

No. CV-26-06601-PHX-JCH

**DECLARATION OF**
Andrea, Chiriboga Villacis

I, U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) Deportation Officer Andrea Chiriboga Villacis, provide this declaration to supplement my prior declaration and other ICE declarations filed in this case.

1. I provide this declaration based on my personal knowledge, belief, reasonable inquiry, and information obtained from various records, systems, databases, and information portals maintained and relied upon by DHS in the regular course of business; information obtained from other individuals employed by DHS; and information I acquired during the performance of my official duties.

2. Unless otherwise specified, the information below is current as of October 27, 2026.

3. Petitioner remains in immigration holding in Equatorial Guinea. Based on the information available to me, Petitioner is available for travel once the necessary travel documentation, local authorization, transportation, and arrival arrangements are completed.

**Designation of a United States Port of Entry**

4. As of October 27, 2026, a United States port of entry has not been finalized. However, Washington Dulles International Airport has been tentatively identified as the port of entry, subject to issuance of a travel letter.

5. On October 27, 2026, ICE ERO Deportation Officer Jose L. Rosiles identified a potential commercial itinerary from Malabo, Equatorial Guinea, through Casablanca, Morocco, to Washington Dulles International Airport. On that date, Deportation Officer Rosiles entered a tentative reservation through the ICE ERO Travel Portal for travel on November 4, 2026, subject to issuance of a travel letter. The tentative reservation reflects Royal Air Maroc Flight 262, scheduled to depart Malabo at 5:45 a.m. and arrive in Casablanca at 10:10 a.m., followed by Royal Air Maroc Flight 218, scheduled to depart Casablanca at 3:25 p.m. and arrive at Washington Dulles International Airport at 7:05 p.m. The Royal Air Maroc confirmation number is 2F83SF. The reservation reflects a confirmed status; however, the fare is not guaranteed until ticketed.

6. The tentative itinerary, routing, travel date, and port of entry remain contingent upon confirmation that the travel documentation will be accepted by the relevant authorities and commercial carrier, including confirmation from the U.S. Department of State regarding acceptance of the travel document.

**ICE Authorization Memorandum and Form I-512**

7. On October 26, 2026, the Homeland Security Investigations Parole and Law Enforcement Unit approved Petitioner's Significant Public Benefit Parole authorization. The authorization is valid from October 26, 2026, through November 11, 2026.

8. The Form I-512, Authorization for Parole of an Alien into the United States, associated with Petitioner has been approved and documented in the Parole Case Tracking System. The Form I-512 documents Petitioner's parole authorization for travel to the United States.

9. I continue coordinating with the Consular Section at the U.S. Embassy in Malabo regarding documentation required to facilitate Petitioner's travel.

10. I am coordinating the transmittal to the Consular Section of the tentative itinerary and the approved Form I-512. On October 27, 2026, Consular Officer Anna advised that a passport-style photograph is required for issuance of a travel letter.

11. I intend to transmit the tentative itinerary and approved Form I-512 to the

Consular Section at the U.S. Embassy in Malabo on October 28, 2026. The Consular Section is responsible for reviewing documentation required for issuance of a travel letter.

12. Any remaining travel-document requirements are dependent on Embassy review and applicable administrative procedures. I am actively coordinating with Embassy personnel to identify and promptly provide required information or documentation.

**Security Review and Resolution of Derogatory Information**

13. As noted above, the Homeland Security Investigations Parole and Law Enforcement Unit approved Petitioner's request for Significant Public Benefit Parole.

**Contact with Petitioner; Photographs; Embassy Access; and Safe Passage or Escort**

14. As noted above, Petitioner remains in immigration holding in Equatorial Guinea. Petitioner's current custodial circumstances may limit Petitioner's ability to travel independently to the U.S. Embassy in Malabo.

15. On October 27, 2026, Consular Officer Anna, U.S. Embassy Malabo Consular Section, advised that a passport-style photograph will be required to issue a travel letter to support Petitioner's departure.

16. On October 27, 2026, Consular Officer Anna advised that a U.S. Department of State Bureau of Population, Refugees, and Migration delegation was expected to visit the location where Petitioner is being held. Consular Officer Anna further advised that Regional Security Officer Jim Ritter, U.S. Embassy Malabo, may be able to obtain a photograph of Petitioner against a white background, subject to appropriate coordination and approval.

17. I am actively coordinating with the U.S. Embassy in Malabo regarding contact with Petitioner, obtaining the required photograph, delivery of travel documentation, and any necessary arrangements for Petitioner's movement for departure.

18. I expect these steps to be completed before Petitioner's flight tentatively scheduled for November 4, 2026, subject to Embassy procedures, Petitioner's custodial circumstances, and any required coordination with local authorities.

19. Consular Officer Anna, U.S. Embassy Malabo Consular Section, is coordinating consular travel-document matters. Regional Security Officer Jim Ritter, U.S. Embassy Malabo, has been identified as a potential official to obtain the required photograph, subject to approval. I am coordinating with the Embassy and other appropriate personnel to facilitate completion of these steps.

20. Petitioner's custodial status and any requirements imposed by local authorities may affect the timing and manner of obtaining photographs, delivering travel documents, and arranging Petitioner's movement. I am actively coordinating with Embassy personnel and appropriate authorities to address these requirements.

**Issuance of Travel Letter**

32. As of October 27, 2026, the Embassy has not issued a travel letter.

33. As noted above, issuance of a travel letter depends on the Embassy's review and fulfillment of applicable documentation requirements. I am actively coordinating with the Consular Section to facilitate issuance as soon as practicable.

**Equatorial Guinean Authorization for Release and Departure**

36. As of October 27, 2026, I have not received confirmation that Equatorial Guinean authorities have completed all local procedures necessary to authorize Petitioner's release and departure, including any required exit documentation or resolution of any remaining legal process.

37. While required action by Equatorial Guinean authorities is outside ICE ERO's direct control, I am actively coordinating through appropriate channels to identify and address remaining local requirements within the authorized parole period.

**Identification and Booking of Transportation**

41. On October 27, 2026, ERO Attaché Andrea Lichtenstein at U.S. Embassy Pretoria, South Africa, advised that no ICE charter is currently planned and that a charter, if one became available, would likely occur after expiration of Petitioner's authorized parole period on November 11, 2026. ERO Attaché Lichtenstein recommended continued evaluation of commercial flight options and routes.

42. As noted above, on October 27, 2026, Deportation Officer Jose L. Rosiles entered a tentative commercial reservation through the ICE ERO Travel Portal for Petitioner to travel from Malabo, Equatorial Guinea, through Casablanca, Morocco, to Washington Dulles International Airport on November 4, 2026. The tentative reservation remains subject to issuance of a travel letter, ticketing, acceptance of Petitioner's travel documentation by the commercial carrier and relevant authorities, local authorization for Petitioner's release and departure, and completion of other required travel arrangements.

**Medical Evaluation, Fitness-to-Travel Clearance, and In-Flight Support**

47. As of October 27, 2026, I am coordinating with appropriate personnel to determine whether any medical evaluation, fitness-to-travel clearance, medical support, or escort is required before Petitioner travels on the proposed commercial itinerary.

48. I expect any required medical evaluation and travel-clearance process to be addressed as expeditiously as possible before Petitioner's departure.

49. I am coordinating with appropriate medical and operational personnel responsible for determining Petitioner's fitness to travel and identifying whether any in-flight medical support or escort is needed.

50. The need for medical evaluation, clearance, support, or escort has not yet been finalized. I am actively coordinating to identify and complete any required medical or operational arrangements before travel.

**Coordination with U.S. Customs and Border Protection**

51. As of October 27, 2026, I have not completed coordination with U.S. Customs and Border Protection because the final itinerary and United States port of entry have not yet been finalized.

52. I will coordinate with CBP as soon as the travel letter is received and the itinerary is finalized.

**Deferral of Removal and Future Custody and Removal Determinations**

56. According to ICE records, an Immigration Judge granted Petitioner deferral of removal to Egypt on October 2, 2025.

57. ERO will ensure that future custody and removal determinations are made consistent with the Court's direction and based on the applicable case status.

**Coordination with Petitioner's Counsel**

60. I continue to work expeditiously with appropriate U.S. Government personnel, Embassy officials, and other relevant entities to facilitate Petitioner's return to the United States within the authorized parole period.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed on: 10/27/2026

ANDREA N CHIRIBOGA VILLACIS

Digitally signed by ANDREA N CHIRIBOGA VILLACIS
Date: 2026.10.27 17:02:58 -07'00'

Andrea Chiriboga Villacis
Deportation Officer
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement