**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

A.M.A.S.,

Plaintiff,

v.

Markwayne Mullin, et al.,

Defendants.

No. CV-26-06601-PHX-JCH

**ORDER**

Before the Court is Plaintiff's Emergency Motion for Leave to File Sealed Supplemental Declaration and for Protective Order. (Doc. 32.) Plaintiff seeks to provide the Court and Defendants with limited, non-public information relevant to the Court's continuing supervision of Defendants' compliance with its October 6, 2026 judgment. (*See* Docs. 14–15.) Plaintiff represents that disclosure of the information beyond those persons whose access is reasonably necessary would create a substantial risk to Plaintiff while he remains outside the United States.

The Court finds Plaintiff has demonstrated good cause to seal the Supplemental Declaration and to restrict further dissemination of the information contained therein. The relief requested is narrowly tailored, and no less restrictive alternative would adequately protect Plaintiff's interests.

Accordingly,

**IT IS ORDERED granting** Plaintiff's Emergency Motion for Leave to File Sealed Supplemental Declaration and for Protective Order. (Doc. 32.)

**IT IS FURTHER ORDERED directing** the Clerk of the Court to file under **SEAL** Plaintiff's lodged Supplemental Declaration. (Doc. 33.) The declaration shall remain under SEAL unless otherwise ordered by the Court.

**IT IS FURTHER ORDERED:**

(1) For purposes of this Order, "Protected Information" means all non-public information contained in or derived from the sealed Supplemental Declaration.

(2) Protected Information may be disclosed only to: (a) the Court and authorized Court personnel; (b) counsel of record and necessary members of their staff; and (c) United States government attorneys, officers, or employees whose access is reasonably necessary to facilitate Plaintiff's return to the United States or to comply with this Court's orders.

(3) Any person receiving Protected Information pursuant to this Order may use it only for purposes of facilitating Plaintiff's return, complying with this Court's orders, or litigating matters arising from those purposes, and may not further disclose the Protected Information except as authorized by this Order.

(4) Protected Information shall not be disclosed, directly or indirectly, to the government of Equatorial Guinea, its officials, employees, representatives, or agents, or to any other third party, absent further order of this Court.

(5) Nothing in Paragraph 5 prohibits Defendants from undertaking otherwise lawful activities necessary to facilitate Plaintiff's release and return so long as those activities do not disclose Protected Information. If Defendants believe disclosure of Protected Information to a person or entity not authorized by this Order is necessary to facilitate Plaintiff's return, they shall seek leave of Court before making such disclosure.

(6) No party shall include Protected Information in a publicly filed document. Any future request to file Protected Information shall comply with LRCiv 5.6. Nothing in this Order constitutes advance authorization to file any future document under seal.

(7) The restrictions imposed by this Order shall remain in effect unless modified by further order of the Court.

(8) Unauthorized disclosure of Protected Information may be addressed through the Court's contempt authority or other appropriate relief.

Dated this 29th day of October, 2026.

John C. Hinderaker
United States District Judge