# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

A.M.A.S., *et al.*,

Petitioners,

v.

Markwayne Mullin, *et al.*,

Respondents.

No. CV-26-06601-PHX-JCH

**DECLARATION OF**
Andrea, Chiriboga Villacis

I, U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) Deportation Officer Andrea Chiriboga Villacis, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

1. I provide this declaration based on my personal knowledge, belief, reasonable inquiry, and information obtained from various records, systems, databases, and information portals maintained and relied upon by DHS in the regular course of business; information obtained from other individuals employed by DHS; and information I acquired during the performance of my official duties.

2. This declaration is submitted to provide information in the possession of ICE responsive to the district court's October 29, 2026 order. Unless otherwise specified, the information below is current as of October 29, 2026, and is provided to supplement my declaration filed on October 28, 2026.

**Designation of a United States Port of Entry**

4. As of October 29, 2026, Washington Dulles International Airport remains the intended United States port of entry for Petitioner's proposed return travel on November 4, 2026.

5. On October 27, 2026, ICE ERO Deportation Officer Jose L. Rosiles

identified a potential commercial itinerary from Malabo, Equatorial Guinea, through Casablanca, Morocco, to Washington Dulles International Airport. On October 28, 2026, Deportation Officer Rosiles confirmed that the proposed commercial itinerary was ticketed for travel on November 4, 2026. The ticketed itinerary reflects Royal Air Maroc Flight 262, scheduled to depart Malabo at 5:45 a.m. and arrive in Casablanca at 10:10 a.m., followed by Royal Air Maroc Flight 218, scheduled to depart Casablanca at 3:25 p.m. and arrive at Washington Dulles International Airport at 7:05 p.m. The Royal Air Maroc confirmation number is 2F83SF.

6. The ticketed itinerary, routing, travel date, and port of entry remain contingent upon completion of the required Royal Air Maroc boarding-notification process; acceptance of Petitioner's travel documentation by the commercial carrier and relevant authorities; local authorization for Petitioner's release and departure; and completion of other required travel arrangements.

**ICE Authorization Memorandum and Form I-512**

7. On October 26, 2026, the ICE Homeland Security Investigations Parole and Law Enforcement Unit approved Petitioner's Significant Public Benefit Parole authorization. The authorization is valid from October 26, 2026, through November 11, 2026.

8. The Form I-512, Authorization for Parole of an Alien into the United States, associated with Petitioner has been approved and documented in the Parole Case Tracking System. The Form I-512 documents Petitioner's parole authorization for travel to the United States.

**Security Review and Resolution of Derogatory Information**

9. As noted above, the ICE Homeland Security Investigations Parole and Law Enforcement Unit approved Petitioner's request for Significant Public Benefit Parole.

**Issuance of Travel Letter**

10. On October 29, 2026, I received the travel letter issue by the Embassy for the Petitioner.

**Identification and Booking of Transportation**

11. As noted above, on October 28, 2026, Deportation Officer Jose L. Rosiles confirmed that the commercial itinerary for Petitioner to travel from Malabo, Equatorial Guinea, through Casablanca, Morocco, to Washington Dulles International Airport on November 4, 2026, was ticketed. On October 29, 2026, Deportation Officer Jose L. Rosiles submitted the required Royal Air Maroc boarding-notification form.

**Coordination with U.S. Customs and Border Protection**

12. As of October 28, 2026, Washington Dulles International Airport remains the intended United States port of entry for Petitioner's proposed return travel on November 4, 2026. Deportation Officer Jose L. Rosiles has requested that, if the required documentation is completed in time for travel, ICE ERO will coordinate with U.S. Customs and Border Protection and ICE personnel at Washington Dulles International Airport to meet Petitioner plane-side upon arrival.

13. On October 28, 2026, Deportation Officer Jose L. Rosiles, ICE ERO, confirmed that the proposed commercial itinerary from Malabo, Equatorial Guinea, through Casablanca, Morocco, to Washington Dulles International Airport was ticketed.

14. On October 29, 2026, Deportation Officer Rosiles submitted the Royal Air Maroc boarding-notification.

15. I will continue to coordinate with Deportation Officer Rosiles; ERO Attaché Lichtenstein and Joshua Coster, and other appropriate U.S. Government personnel to facilitate Petitioner's return within the authorized parole period.

**Deferral of Removal and Future Determinations**

16. As ordered by this court in its October 6, 2026 order, upon Plaintiff's return to the United States all custody and removal determinations will be made as though the April 28, 2026 removal had not occurred. Accordingly, his grant of deferral of removal to Egypt will remain in effect.

**Omitted Paragraphs**

17. The numbering gaps in my October 27, 2026 declaration were due to a

formatting error.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed on: 10/29/2026

ANDREA N CHIRIBOGA VILLACIS

Digitally signed by ANDREA N CHIRIBOGA VILLACIS
Date: 2026.10.29 20:59:05 -07'00'

Andrea Chiriboga Villacis
Deportation Officer
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

A.M.A.S.,

Plaintiff,

v.

Markwayne Mullin, et al.,

Defendants.

No. CV-26-06601-PHX-JCH

**DECLARATION OF**
Adam Zerbinopoulos

I, Adam Zerbinopoulos, hereby declare under the penalty of perjury:

1. I am the Senior Bureau Official of the Bureau of Population, Refugees, and Migration (PRM) within the United States Department of State (Department of State or State Department).[1] I have held this position since August 31, 2026. Prior to becoming the PRM Senior Bureau Official, I was PRM's Principal Deputy Assistant Secretary from August 2025 to August 2026. I was also previously PRM's Regional Director for East Asia and the Pacific. I am a career Foreign Service Officer and have been employed at the Department of State since 2008.

2. I am generally familiar with the facts and court orders in this case, including the Court's order earlier today ordering Defendants to provide certain information and a declaration in a status update due this evening.

3. I submit this declaration in support of the Defendants' daily status report due on October 29, 2026. I address herein (i) requests made to the Equatoguinean authorities for Plaintiff's release, departure, Embassy access, or escort; (ii) whether any legal process arising from Plaintiff's September 11, 2026 arrest remains pending; and (iii) who will transport Plaintiff, and how, to the airport for his scheduled departure on November 4, 2026. The statements made herein are based on my personal knowledge and information

[1] The title "Senior Bureau Official" is used to refer to the senior-level official who oversees a bureau but does not necessarily hold the title of Assistant Secretary of State.

made available to me in the course of my duties and responsibilities as the PRM Senior Bureau Official. Because the Court did not issue its order until it was nearly 10:00 p.m. in Malabo, Equatorial Guinea, this declaration is based primarily on information provided to me earlier today by officials at the Embassy, including Ambassador Stanley Brown.

4. Earlier today, the Embassy issued a travel letter for Plaintiff, meaning that several processes inquired about in the Court's order are no longer necessary, such as (i) obtaining photographs of Plaintiff, (ii) coordinating access to or contact with Plaintiff to obtain said photographs, and (iii) the prerequisites needed to complete issuance of the travel letter.

5. Officials at the Embassy remain engaged in sensitive diplomatic discussions with the Government of Equatorial Guinea with respect to the Court's order to facilitate Plaintiff's return. The Embassy reported that it is currently awaiting the Government of Equatorial Guinea's formal response to its request for that government's assistance in effectuating this Court's order. The Embassy also reported that it expects a positive response to that request in advance of the projected travel date of November 4, 2026. Based on discussions thus far, the Embassy has also reported that it does not believe any legal process arising from Plaintiff's September 11, 2026 arrest will present an obstacle to Plaintiff's travel to the United States. As part of these discussions, the Embassy is also engaged in efforts to arrange for Plaintiff's transportation to the airport for the November 4 flight identified by ICE but does not anticipate that this issue would create an obstacle to Plaintiff's scheduled departure.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed on: 10/29/2026

Adam Zerbinopoulos
Digitally signed by Adam Zerbinopoulos
Date: 2026.10.30 00:08:03 -04'00'

Adam Zerbinopoulos
Senior Bureau Official
Bureau of Population, Refugees, and Migration
U.S. Department of State