# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

A.M.A.S.,
Plaintiff,
v.
Markwayne Mullin, et al.,
Defendants.

No. CV-26-06601-PHX-JCH

**DECLARATION OF**
Adam Zerbinopoulos

I, Adam Zerbinopoulos, hereby declare under the penalty of perjury:

1. I am the Senior Bureau Official of the Bureau of Population, Refugees, and Migration (PRM) within the United States Department of State (Department of State or State Department).[1] I have held this position since August 31, 2026. Prior to becoming the PRM Senior Bureau Official, I was PRM's Principal Deputy Assistant Secretary from August 2025 to August 2026. I was also previously PRM's Regional Director for East Asia and the Pacific. I am a career Foreign Service Officer and have been employed at the Department of State since 2008.

2. I am generally familiar with the facts and court orders in this case, including the Court's order earlier today ordering Defendants to provide certain information and a declaration in a status update due this evening.

3. I submit this declaration in support of the Defendants' daily status report due on October 29, 2026. I address herein (i) requests made to the Equatoguinean authorities for Plaintiff's release, departure, Embassy access, or escort; (ii) whether any legal process arising from Plaintiff's September 11, 2026 arrest remains pending; and (iii) who will transport Plaintiff, and how, to the airport for his scheduled departure on November 4, 2026. The statements made herein are based on my personal knowledge and information

[1] The title "Senior Bureau Official" is used to refer to the senior-level official who oversees a bureau but does not necessarily hold the title of Assistant Secretary of State.

made available to me in the course of my duties and responsibilities as the PRM Senior Bureau Official. Because the Court did not issue its order until it was nearly 10:00 p.m. in Malabo, Equatorial Guinea, this declaration is based primarily on information provided to me earlier today by officials at the Embassy, including Ambassador Stanley Brown.

4. Earlier today, the Embassy issued a travel letter for Plaintiff, meaning that several processes inquired about in the Court's order are no longer necessary, such as (i) obtaining photographs of Plaintiff, (ii) coordinating access to or contact with Plaintiff to obtain said photographs, and (iii) the prerequisites needed to complete issuance of the travel letter.

5. Officials at the Embassy remain engaged in sensitive diplomatic discussions with the Government of Equatorial Guinea with respect to the Court's order to facilitate Plaintiff's return. The Embassy reported that it is currently awaiting the Government of Equatorial Guinea's formal response to its request for that government's assistance in effectuating this Court's order. The Embassy also reported that it expects a positive response to that request in advance of the projected travel date of November 4, 2026. Based on discussions thus far, the Embassy has also reported that it does not believe any legal process arising from Plaintiff's September 11, 2026 arrest will present an obstacle to Plaintiff's travel to the United States. As part of these discussions, the Embassy is also engaged in efforts to arrange for Plaintiff's transportation to the airport for the November 4 flight identified by ICE but does not anticipate that this issue would create an obstacle to Plaintiff's scheduled departure.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed on: 10/29/2026

Adam Zerbinopoulos

Digitally signed by Adam Zerbinopoulos
Date: 2026.10.30 00:08:03 -04'00'

Adam Zerbinopoulos
Senior Bureau Official
Bureau of Population, Refugees, and Migration
U.S. Department of State

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

A.M.A.S.,

Plaintiff,

v.

Markwayne Mullin, et al.,

Defendants.

No. CV-26-06601-PHX-JCH

**DECLARATION OF**
Stanley Brown

I, Stanley Brown, hereby declare under the penalty of perjury:

1. I am the U.S. Ambassador to the Republic of Equatorial Guinea. I was confirmed on August 7, 2026, and arrived in Equatorial Guinea on October 6, 2026. Prior to my confirmation as Ambassador to Equatorial Guinea, I was the Senior Bureau Official for the U.S. Department of State's Bureau of Political and Military Affairs from March 2026 to August 2026. I was also previously Principal Deputy Assistant Secretary. I am career Senior Executive Service and have been employed at the Department of State since July 2013.

2. I am generally familiar with the facts and court orders in this case, including the Court's order on October 29, 2026, ordering Defendants to provide certain information and a declaration in a status update.

3. I submit this declaration in support of the Defendants' daily status report due on October 30, 2026. I address herein (i) requests made to the Equatoguinean authorities for Plaintiff's release, departure, Embassy access, or escort, (ii) whether any legal process arising from Plaintiff's September 11, 2026 arrest remains pending, and (iii) who will transport Plaintiff, and how, to the airport for his scheduled departure on November 4, 2026. The statements made herein are based on my personal knowledge and information made available to me in the course of my duties and responsibilities as the Ambassador to Equatorial Guinea.

4. On October 29, 2026, the Embassy finalized a travel letter for Plaintiff, which was issued by Anastasia Turosky, Consular Chief for the Embassy. The Embassy Regional Security Officer (RSO) plans to be present for Plaintiff's boarding of his scheduled flight on November 4, 2026, and the RSO will bring the original copy of the travel letter to the plane to facilitate Plaintiff's boarding and travel.

5. My staff and I remain engaged in sensitive diplomatic discussions with the Government of Equatorial Guinea with respect to the court's order to facilitate Plaintiff's return. The Embassy is currently awaiting the Government of Equatorial Guinea's formal response to its request for that government's assistance in effectuating this Court's order but anticipates a positive response to that request in advance of the anticipated travel date of November 4, 2026. Based on discussions thus far, we are not aware of any pending legal process in Equatorial Guinea that would present an obstacle to Plaintiff's travel to the United States. The Embassy remains engaged in sensitive discussions to ensure Plaintiff's transportation to the airport by the government of Equatorial Guinea for the November 4 flight identified by ICE. The Embassy does not anticipate that these ongoing discussions or any arrangements ultimately finalized for Plaintiff's transportation to the airport on November 4 will create any obstacles for his scheduled departure, and our confidence in that assessment is based on multiple conversations we have had with senior officials from the Government of Equatorial Guinea, including as recently as today.

6. Because of the inherently sensitive nature of my diplomatic communications with the Government of Equatorial Guinea, I believe that divulging additional details on a public docket could undermine our bilateral relationship, including efforts to secure Plaintiff's return, and our foreign policy interests more broadly. To the extent the Court believes additional details about our ongoing diplomatic efforts are necessary, which may also include classified information, I would be able to provide such update or declaration for the Court's *in camera* review.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed on:10/30/2026

Stanley L Brown
Digitally signed by Stanley L Brown
Date: 2026.10.30 21:30:11 +01'00'

Stanley Brown
U.S. Ambassador to the Republic of Equatorial Guinea
U.S. Department of State

Type text here

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

A.M.A.S.,

Petitioners,

v.

Markwayne Mullin, *et al*.,

Respondents.

No. CV-26-06601-PHX-JCH

**DECLARATION OF**
Andrea, Chiriboga Villacis

I, U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) Deportation Officer Andrea Chiriboga Villacis, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

1. I provide this declaration based on my personal knowledge, belief, reasonable inquiry, and information obtained from various records, systems, databases, and information portals maintained and relied upon by DHS in the regular course of business; information obtained from other individuals employed by DHS; and information I acquired during the performance of my official duties.

2. This declaration is submitted to provide information in the possession of ICE responsive to the district court's October 29, 2026 order. Unless otherwise specified, the information below is current as of October 30, 2026, and is provided to supplement my declaration filed on October 29, 2026.

**Designation of a United States Port of Entry**

3. As of October 30, 2026, Washington Dulles International Airport remains the intended United States port of entry for Petitioner's return travel on November 4, 2026.

4. On October 27, 2026, ICE ERO Deportation Officer Jose L. Rosiles identified a potential commercial itinerary from Malabo, Equatorial Guinea, through

Casablanca, Morocco, to Washington Dulles International Airport. On October 28, 2026, Deportation Officer Rosiles confirmed that the proposed commercial itinerary was ticketed for travel on November 4, 2026.

5. On October 30, 2026, ICE Air Commercial Air Operations Unit Chief Matthew Kennedy confirmed that Omega World Travel re-booked Petitioner's ticket to remove the "DEPU" annotation from Petitioner's Passenger Name Record. Petitioner will travel to the United States unescorted on the same commercial itinerary.

6. The updated ticketed itinerary remains the same as that reported in my October 29, 2026 declaration. Namely, it reflects Royal Air Maroc Flight 262, scheduled to depart Malabo at 5:45 a.m. and arrive in Casablanca at 10:10 a.m., followed by Royal Air Maroc Flight 218, scheduled to depart Casablanca at 3:25 p.m. and arrive at Washington Dulles International Airport at 7:05 p.m. The updated Royal Air Maroc confirmation number is 2EFT5Z.

**Identification and Booking of Transportation**

7. As noted above, on October 28, 2026, Deportation Officer Jose L. Rosiles confirmed that the commercial itinerary for Petitioner to travel from Malabo, Equatorial Guinea, through Casablanca, Morocco, to Washington Dulles International Airport on November 4, 2026, was ticketed. Deportation Officer Rosiles submitted the travel request through the ICE travel system. Omega World Travel identified the closest available and most feasible commercial route based on Petitioner's location and available flight routes. On October 29, 2026, Deportation Officer Rosiles submitted the required Royal Air Maroc boarding-notification form. The boarding notification has been completed.

**Coordination with U.S. Customs and Border Protection**

8. As of October 30, 2026, Washington Dulles International Airport remains the intended United States port of entry for Petitioner's proposed return travel on November 4, 2026. Deportation Officer Rosiles is currently coordinating Petitioner's arrival at Washington Dulles International Airport with Kimberly D. McCreary, U.S.

Customs and Border Protection Officer Program Manager, Tactical Operations, and Deportation Officer Michael J. Constantine, ERO Washington.

9. On October 28, 2026, Deportation Officer Jose L. Rosiles, ICE ERO, confirmed that the proposed commercial itinerary from Malabo, Equatorial Guinea, through Casablanca, Morocco, to Washington Dulles International Airport was ticketed. The updated itinerary remains confirmed under Royal Air Maroc with confirmation number 2EFT5Z.

10. On October 29, 2026, Deportation Officer Rosiles submitted the required Royal Air Maroc boarding-notification form. This notification has been completed.

11. I will continue to coordinate with Deportation Officer Rosiles; ERO Attaché Andre Lichtenstein; Joshua Coster; Deportation Officer Michael J. Constantine; CBPO Program Manager Kimberly D. McCreary; and other appropriate U.S. Government personnel to facilitate Petitioner's return within the authorized parole period.

**Medical Evaluation and Fitness to Travel**

12. To address questions posed in the October 29, 2026 order, ICE ERO is not aware of any medical issues that may cause Petitioner to be deemed unfit to travel. Because Petitioner will be traveling on a commercial flight and not an ICE charter flight, a medical evaluation is not required for Petitioner's commercial travel arrangement.

**Sealed Envelopes and Omega-generated Travel Itinerary**

13. The updated Omega-generated travel itinerary has been generated. The updated itinerary reflects confirmed Royal Air Maroc commercial flights from Malabo, Equatorial Guinea, through Casablanca, Morocco, to Washington Dulles International Airport on November 4, 2026, under confirmation number 2EFT5Z.

14. On October 30, 2026, ERO Attaché Andre Lichtenstein contacted Consular Chief Anastasia Turosky and is currently working with her on preparing sealed envelopes. The envelopes will be ready and provided to Petitioner by the time of Petitioner's travel.

**Government Aircraft**

15. ICE ERO selected commercial transportation for Petitioner's return travel. As of October 30, 2026, there are no ICE charter flights blocked to Equatorial Guinea or to a nearby location that would provide a practicable route for Petitioner's return to the United States within the authorized parole period. The confirmed commercial itinerary originates in Malabo, Equatorial Guinea, where Petitioner is located, rather than Conakry, Guinea. Deportation Officer Rosiles submitted the travel request through the ICE travel system, and Omega World Travel identified the closest available and most feasible commercial route based on Petitioner's location and available flight routes.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed on: 10/30/2026

ANDREA N CHIRIBOGA VILLACIS

Digitally signed by ANDREA N CHIRIBOGA VILLACIS
Date: 2026.10.30 14:53:44 -07'00'

Andrea Chiriboga Villacis
Deportation Officer
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement