**GREEN | EVANS-SCHROEDER, PLLC**
130 W. Cushing Street
Tucson, AZ 85718
Tel. (520) 882-8852
Fax (520) 882-8843

**Jesse Evans-Schroeder** | Arizona Bar No. 027434
Email: jesse@arizonaimmigration.net

**Matthew H. Green** | Arizona Bar No. 020827
Email: matt@arizonaimmigration.net

**Ami Hutchinson |** Arizona Bar No. 039150
Email: ami@arizonaimmigration.net

*Attorneys for Petitioner*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| A.M.A.S.,<br><br>Plaintiff,<br><br>vs.<br><br>Markwayne Mullin, *et al.*,<br><br>Defendants. | No. CV-26-06601-PHX-JCH<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATUS REPORT UPDATE #9** |

Plaintiff respectfully submits this response to Defendants' Status Update #9 (Doc. 43).

Plaintiff is gratified by the significant progress towards his return to the United States.

Through conversations with Defendants and Defendants' counsel, it appears that Defendants intend to re-detain A.M.A.S. upon his arrival at Washington Dulles International Airport. Plaintiff's counsel reminded Defendants of the provision in the Court's October 6, 2026 order explaining that "[u]pon Plaintiff's return, the immigration judge's grant of deferral of removal to Egypt remains in effect unless and until terminated in accordance with 8 C.F.R. § 1208.17(d), and any determination concerning Plaintiff's custody or removal must be made as it would have been had Plaintiff not been removed to Equatorial Guinea."

Because Plaintiff's removal order has been final for more than six months, the presumptively reasonable *Zadvydas* period has run. Indeed, the period elapsed just prior to A.M.A.S.'s removal to Equatorial Guinea. Pursuant to the regulations governing post-final order detention, Plaintiff would have been owed at least two custody re-determinations during the time he has been trapped at the Hotel Bamy in Malabo. 8 C.F.R. § 241.4 (Continued detention of noncitizens beyond the removal period). Plaintiff, through counsel, requested any information concerning: whether any such custody redetermination has already taken place pursuant to the regulations and due process; to produce a copy of that custody redetermination if it exists; and to identify the detention facility, if any, that Defendants have identified to house A.M.A.S. upon his return. Plaintiff has not received a reply with any of this information.

While Plaintiff appreciates that A.M.A.S.'s return is a priority, given his mental and physical condition, Plaintiff's counsel has been working to identify his needs upon his return to the United States. Plaintiff respectfully request that the Court order that Defendants produce this information to facilitate Plaintiff's counsel's decision as to whether an emergency petition for habeas corpus will be

necessary prior to A.M.A.S.'s scheduled landing November 4, 2026. Furthermore, Plaintiff respectfully requests a copy of any custody redetermination that has been undertaken. 8 C.F.R. § 241.4(d)(2) & (3) (mandating that a copy of any custody redetermination must be served on the noncitizen and his counsel). Moreover, any such custody redetermination must be conducted by DHS headquarters, as proscribed by the regulations. 8 C.F.R. § 241.4(c)(2) (delegating any custody review to Headquarters Post-Order Detention Unit (HQPDU) for any custody redeterminations "after the removal period, or any alien who has not been released or removed by the expiration of the three-month period after the review[.]"). Any such custody redetermination should have been or must be conducted pursuant to 8 C.F.R. § 241.4(e) (Criteria for Release).

Respectfully submitted this 30th day of October, 2026.

Respectfully Submitted,

/s/*Jesse Evans-Schroeder*
Attorney for Petitioner