**GREEN | EVANS-SCHROEDER, PLLC**
130 W. Cushing Street
Tucson, AZ 85718
Tel. (520) 882-8852
Fax (520) 882-8843

**Jesse Evans-Schroeder** | Arizona Bar No. 027434
Email: jesse@arizonaimmigration.net

**Matthew H. Green** | Arizona Bar No. 020827
Email: matt@arizonaimmigration.net

**Ami Hutchinson |** Arizona Bar No. 039150
Email: ami@arizonaimmigration.net

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| A.M.A.S.,<br>Plaintiff,<br>v.<br>Markwayne Mullin, et al.,<br>Defendants. | Case No. 26-cv-06601-JCH<br><br>**PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO CONDUCT LIMITED EXAMINATION OF DEPORTATION OFFICER CHIRIBOGA VILLACIS AND, IF NECESSARY, LIMITED DISCOVERY** |

**I. Background and Overview.**

Plaintiff respectfully moves for leave to conduct approximately 30 minutes of limited examination of ICE Deportation Officer Andrea Chiriboga Villacis at the November 2, 2026 hearing on discrete factual issues bearing directly on Defendants' compliance with the Court's return order. Those issues concern both the completion of Plaintiff's November 4th return and the preservation of the status quo the Court ordered restored. If material questions remain unanswered, Plaintiff requests leave to conduct expedited discovery limited to those subjects. Plaintiff does not seek a general evidentiary hearing or to reopen the merits. Nor does he seek to inquire into privileged diplomatic communications.

The request is practical and narrow. The Court has already ordered Officer Chiriboga Villacis and defense counsel to appear in person (Doc. 37 at 17–18) and required Defendants to identify the officials responsible for each remaining step of the return and the basis for each factual assertion. (*Id.* at 3–6, 17.)

Defendants now represent that Plaintiff is ticketed on Royal Air Maroc Flights 262 and 218, departing Malabo at 5:45 a.m. on November 4, 2026, and arriving at Washington Dulles International Airport via Casablanca at 7:05 p.m. the same day. He will travel unescorted, and ICE is coordinating his arrival with CBP Program Manager Kimberly D. McCreary and ERO Washington Deportation Officer Michael J. Constantine. (Doc. 43-1 at 10–11 ¶¶ 4–8, 11.) Defendants state they are "assured that Petitioner will return" on November 4th and that "authorization and logistics are in place for the return." (Doc. 43 at 1–2.)

However, Officer Chiriboga Villacis's declaration rests not only on personal knowledge but also on "belief, reasonable inquiry," DHS records and databases, and information from other

DHS employees. (Doc. 43-1 at 9 ¶ 1.) Limited examination will show whether the remaining operational facts are established and, if not, who possesses them.

**II. Limited examination is warranted on five narrow subjects directly tied to implementation of the Court's order.**

Federal courts have inherent, broad, and flexible authority to enforce compliance with their lawful orders through civil contempt and to provide full remedial relief for violations. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 193-194 (1949). On good cause, that includes expedited discovery where significant questions of noncompliance have been raised. *State Dep't of Social Services v. Leavitt*, 523 F.3d 1025, 1034-35 (9th Cir. 2008); *see also Abrego Garcia v. Noem*, 348 F.R.D. 589, 591-93 (D. Md. Apr. 15, 2026). Good cause exists here. The request is narrowly tailored to discrete, time-sensitive issues bearing on implementation of the return order, and it imposes minimal burden on Defendants. It is also more efficient than resolving these issues through serial post-hearing filings or further emergency motions.

**A. Plaintiff's parole authorization expires on November 11th.**

Defendants state that Plaintiff's return is being coordinated "within the authorized parole period," which expires November 11, 2026—only seven days after departure—and that no ICE charter flight offers a practicable route within that period. (Doc. 43-1 at 11–12 ¶¶ 11, 15.) For unescorted commercial travel through a third country, that short window creates obvious risk if cancellation, delay, illness, missed connection, diversion, or another event outside Plaintiff's control disrupts the itinerary. (*Id.* at 10 ¶¶ 5–7.) Plaintiff seeks limited examination concerning why the authorization expires November 11th and who approved that date. He also seeks to learn whether DHS can extend the authorization now and, if travel is disrupted through no fault of his own, whether it can then be renewed or reissued. Finally, Plaintiff and the Court ought to know

which DHS employees have authority to take those steps and whether his documentation will remain effective if the itinerary changes.

**B. The record does not identify a real-time operational point of contact during Plaintiff's unescorted return.**

Defendants identify several officials involved in the return—Deportation Officer Jose L. Rosiles, ERO Attaché Andre Lichtenstein, Joshua Coster, Officer Constantine, and Program Manager McCreary—and represent that boarding notification is complete and that ERO Washington and CBP are coordinating the Dulles arrival. (Doc. 43-1 at 10–11 ¶¶ 7–14.) But the record identifies no single official whom Plaintiff or counsel may contact if an urgent problem arises, even though the Court has recognized that transit through Casablanca and coordination at Dulles are essential to the return. (Doc. 37 at 8, 16.) Plaintiff therefore seeks identification of the official or officials to contact at departure from Malabo; during transit through Casablanca, including with Royal Air Maroc or Moroccan transit authorities; during arrival and parole processing at Dulles; and outside ordinary business hours—including an official with operational authority to coordinate in real time with ICE, CBP, the Department of State, airline personnel, and, if necessary, foreign officials.

**C. Plaintiff's existing 8 U.S.C. § 1231 custody posture remains material to implementation of the Court's remedy.**

The Court ordered Defendants to confirm "that all future custody and removal determinations will be made as though the April 28, 2026 removal had not occurred," and rejected an earlier formulation that could improperly incorporate the removal's effects. (Doc. 37 at 10, 17.) Plaintiff's custody posture immediately before the unlawful removal is therefore directly relevant.

Plaintiff seeks limited examination concerning ICE's calculation of his removal period under 8 U.S.C. § 1231 and his custody posture immediately before the April 28th removal, including any associated post-order custody review. The examination should also establish what custody posture Defendants intend to apply upon his court-ordered return.

Plaintiff does not ask the Court to adjudicate a new detention claim or the legality of any future detention—only to identify the custody baseline from which the ordered status quo must be restored. *Abrego Garcia,* 348 F.R.D. at 593 (noting that discovery served to facilitate release and "any return to the *status quo ante*[.]").

### D. Defendants' present detention and transfer plans upon Plaintiff's return remain unclear.

Defendants' filing extends only through Plaintiff's arrival at Dulles (Doc. 43-1 at 10–11 ¶¶ 8, 11) and does not state what Defendants intend once parole processing is complete. Nor have Defendants reviewed Plaintiff's medical condition and treatment needs or assessed whether rearrest is medically possible. They also have not indicated whether he may obtain medical attention if needed.

Plaintiff seeks limited examination concerning whether ICE intends to take him into physical custody after CBP processing and, if so, under what statutory authority, *see* 8 U.S.C. § 1231; which ERO field office will assume responsibility; where he will be detained and spend the night of November 4th; whether any detention bed, transportation, flight, or transfer request—including an interstate transfer—has been initiated or is contemplated; whether he will receive a medical evaluation at Dulles and be free to seek medical care outside DHS custody; and who is responsible for these decisions. These questions bear directly on the Court's custody order. (Doc. 37 at 17.)

**E. The Court should permit limited inquiry into whether Louisiana is being treated as part of the status quo ante.**

Before the April 28, 2026 removal to Equatorial Guinea, ICE transferred Plaintiff from Arizona to Louisiana in the course of effectuating that removal. Because future custody determinations must be made as though the removal had not occurred (Doc. 37 at 17), Plaintiff seeks limited examination concerning the purpose and circumstances of that transfer and its relationship to the removal. The examination should also clarify whether Louisiana otherwise formed part of his pre-removal custodial posture, and whether Defendants contemplate returning him there or regard Louisiana as consistent with the status quo the Court ordered restored.

**III. If Officer Chiriboga Villacis cannot answer a material question, Defendants should identify who can.**

Officer Chiriboga Villacis may not personally possess every answer. Her declaration draws on "personal knowledge, belief, reasonable inquiry," DHS records, and information from other DHS employees. (Doc. 43-1 at 9 ¶ 1.) The Court has already observed that her earlier declarations did not state "which source applies to which statement," and it ordered that future declarations identify the basis for each assertion and name any other official supplying information. (Doc. 37 at 5–6, 17.) The Court likewise rejected generalized references to "appropriate personnel," "appropriate channels," and "appropriate authorities." (*Id.* at 3–4, 14.)

Accordingly, if she cannot answer a material question within the permitted scope, she should identify, to the extent known, the official or organizational component possessing responsive information, and Defendants' counsel should be prepared to identify the official or officials with the most knowledge. *See* Rule 30(b)(6), Fed.R.Civ.P.

And, in such an event, Plaintiff also requests authorization for expedited discovery so that answers to these crucial questions be obtained with certainty as soon as possible. Rule 30(b)(6), Fed.R.Civ.P.

**IV. Conclusion**

For the foregoing reasons, the Court should allow Plaintiff's counsel to conduct limited examination, as set forth above, of Deportation Officer Andrea Chiriboga Villacis at the November 2nd hearing. Furthermore, in the event the witness is unable to provide answers to material questions through her own testimony, this Court should authorize expedited discovery, primarily through the taking of a deposition—or depositions—of person(s) most knowledgeable within the executive branch pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

Dated: November 1, 2026

Respectfully Submitted,

s/Matthew H. Green
Matthew H. Green
*Attorney for Plaintiff*
Green Evans-Schroeder, PLLC
130 W. Cushing Street
Tucson, Arizona 85701
Tel: (520) 882-8852
Email: matt@arizonaimmigration.net